IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-314-FL
NO. 5:09-CV-104-FL

| | |
|---|---|
| **WILLIAM A. ROBERSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter comes before the court on the government's Fed. R. Civ. P. 12(b)(6) motion to dismiss *pro se* petitioner's motion to vacate, set aside, or correct his sentence filed pursuant 28 U.S.C. § 2255 (DE-33)[1]. Petitioner has responded to this motion (DE-36) and the matter is now ripe for adjudication. For the following reasons, it is **HEREBY RECOMMENDED** that the government's motion to dismiss (DE-33) be **GRANTED** and petitioner's motion to vacate, set aside, or correct his sentence (DE-28) be **DISMISSED**.

**I. Background**

Petitioner plead guilty pursuant to a signed memorandum of plea agreement dated September 10, 2007 to conspiracy to distribute and possess with the intent to distribute more than fifty grams of cocaine in violation of 21 U.S.C. § 846 and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (DE-6). Petitioner waived prosecution by

---

[1]Docket entry numbers correspond to case number 5:07-CR-314-FL.

1

indictment and consented to proceeding by information on December 12, 2007. During the hearing in which petitioner pled guilty, the court made the following findings:

> [petitioner] is fully competent and capable of waiving indictment and entering an informed plea, that [petitioner] is aware of the nature of the charges and the consequences of the plea, that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.
>
> (DE-37, p. 35).

The memorandum of plea agreement states in pertinent part that:

> [t]his [m]emorandum constitutes the full and complete record of the [p]lea agreement . . . [d]efendant agrees: [t]o waive indictment and plead guilty to the two count criminal information filed herein . . . [t]o waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, reserving only the right to appeal from a sentence in excess of the advisory [g]uideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the [d]efendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the [d]efendant at the time of the [d]efendant's guilty plea . . . .
>
> (DE-6, p. 1-10.)

On March 5, 2008, petitioner was sentenced to a 240 month term of imprisonment (DE-18). Petitioner did not appeal his conviction. Petitioner's motion to vacate, set aside, or correct his sentence was timely filed on March 9, 2009 (DE-28)[2].

## II. Discussion

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the

---

[2]The envelope used by petitioner to mail his motion to vacate, set aside, or correct his sentence is stamped as "processed through special mailing procedures" by the institution where he is incarcerated, and is dated March 4, 2009 (DE-28-2). The clerk's office received petitioner's motion to vacate on March 9, 2009 (DE-28-2).

sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). Such a motion to dismiss should not be granted unless it appears certain that a party can prove no set of facts that would support his claim and entitle him to relief. Mylan Laboratories v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

To state a claim for relief under § 2255, a petitioner must prove either (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; or (3) the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Petitioner bears the burden of proving grounds for a collateral attack by preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965). Notwithstanding, petitioner is free to "waive his right to collaterally attack his sentence and conviction, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). See also United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991) (waiver is effective only insofar as it is the result of a knowing and intelligent decision to forgo the right to appeal). A waiver will be upheld if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a [r]ule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22. The solemn declarations made by a criminal defendant at plea proceedings carry a strong presumption of verity and constitute a formidable barrier against any subsequent collateral proceedings. Blackledge v. Allison, 431 U.S. 63, 74 (1977). The validity of

3

the plea turns on the "adequacy of the plea colloquy." United States v. Blick, 408 F.3d 162, 169 (4th Cir.2005). Whether the district court questioned the defendant about the appeal waiver is an "issue ultimately . . . evaluated by reference to the totality of the circumstances." Id. (quoting United States v. General, 278 F.3d 389, 400 (4th Cir. 2002)). "Thus, the determination 'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.' " Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

Petitioner asserts the following four grounds in his § 2255 motion: (1) an involuntary and unintelligent guilty plea induced by ineffective assistance of counsel; (2) an unauthorized consecutive sentence for count 2 of his conviction; (3) ineffective assistance of counsel at sentencing; and (4) ineffective assistance of appellate counsel. Petitioner argues that claims 1, 3, and 4 are ineffective assistance of counsel claims properly raised for the first time in his § 2255 motion (DE- 28), p. 10. Petitioner further contends that claim 2 was not presented on direct appeal due to ineffective appellate counsel, and that any default is excused by actual innocence and/or that his sentence was not authorized by statute (DE- 28), p. 10. Petitioner fully asserts that he is permitted to bring this § 2255 motion because the judgment and sentence was imposed in violation of the Constitution or laws of the United States, and that the sentence imposed was in excess of the maximum authorized by law, or is otherwise subject to collateral attack (DE-28), p. 14. At the outset, the government argues that petitioner's § 2255 motion be dismissed because petitioner intelligently and knowingly entered a guilty plea; procedurally defaulted on claims he attempts to raise in the instant motion; and waived his right to appeal.

To prevail on a claim of ineffective assistance, petitioner must satisfy two well-established

4

requirements. First, he must show that counsel's representation fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). See also Satcher v. Pruitt, 126 F.3d 561, 572 (4th Cir. 1997) cert. denied 522 U.S. 1010 (1997). Review of counsel's performance in this regard is highly differential. Strickland, 466 U.S. at 689. Second, petitioner must also demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. See also Satcher, 126 F.3d at 572.

> [T]he two-part Strickland . . . test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the Strickland test is nothing more than a restatement of the standard of attorney competence already set forth in Tollett v. Henderson, 411 U.S. 258, 267 (1973) and McMann v. Richardson, 387 U.S. 759, 771 (1970). The second, or prejudice, requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.
>
> Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).[3]

Petitioner bears the burden of proving Strickland prejudice. Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). If petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id.

Petitioner's first ground alleges that he entered an involuntary and unintelligent guilty plea induced by ineffective assistance of counsel. A hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure was conducted on December 12, 2007 before the Honorable James E. Gates

---

[3]When a defendant enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's "advice was within the range of competence demanded of attorneys in criminal cases." McMann , 397 U.S. at 771. A defendant who pleads guilty upon the advice of counsel may "only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann ." Tollett, 411 U.S. at 267.

5

(DE-37). During the plea colloquy, petitioner stated that he was 27 years old and had completed the 10th grade of high school. (DE-37, pg. 14). Petitioner stated that he was not under the care of a physician, psychiatrist, or other health care provider, and that he had not taken any drugs, medicines, pills or alcohol within 24 hours of his rule 11 hearing (DE-37, pg. 14). Petitioner also stated that he had sufficient time to discuss his matter with his attorney and was satisfied with his attorney's services (DE-37, pg. 19-20). Petitioner further indicated that he heard and understood the court's explanation of the sentencing process (DE-37, pg. 22). Similarly, petitioner testified that he read and understood the terms of his plea agreement and had discussed the plea agreement with his attorney (DE-37, pg. 28). Petitioner denied that anyone had forced him into the plea agreement or made promises or assurances other than the plea agreement to induce him to plead guilty (DE-37, pg. 29). The court inquired as to petitioner's understanding of his waiver of appellate rights:

> Court: Do you also understanding, sir, that you have agreed to waive certain valuable appellate rights including the right to appeal your sentence on certain terms and to challenge your conviction and sentence in a post-conviction proceeding on certain terms set out in that plea agreement?
>
> Petitioner: Yes, sir.
>
> Court: And do you further understand, sir, that these types of waivers generally are upheld by the courts?
>
> Petitioner: Yes, sir.
>
> Court: And have you discussed the appeal waiver provisions specifically with your lawyer?
>
> Petitioner: Yes, sir.
>
> (DE-37, p. 28-29).

Finally, petitioner testified that he had answered truthfully all of the court's questions (DE-37, p. 34). The undersigned finds that the record fully establishes that petitioner knowingly and intelligently entered a valid guilty plea and waived his right to collaterally attack his sentence, including any proceeding brought under § 2255. Petitioner also purports to argue that count 2 of the information was duplicitous and counsel was ineffective for failing to move for its dismissal pursuant to Fed. R. Crim. P. 12(b)(3)(B). Count 2 charged that

> [o]n or about June 8, 2007 . . . [petitioner] . . . did **use** and **carry** a firearm during and in relation to a drug trafficking crime . . . and did **possess** said firearm in furtherance of said drug trafficking offense in violation of Title 18, United States Code, Section 924(c)(1)(A).
>
> (DE-4, p. 1-4) (emphasis added).

Petitioner argues that the charge contained "two distinct offenses under 18 U.S.C. 924(c)" and that charges of "use" and "possession" of the same firearm were duplicitous (DE-28, p. 19). "Duplicity is the joining in a single count two or more distinct and separate offenses." United States v. Kamalu, 298 Fed. Appx. 251, 254 (4th Cir. 2008) (per curiam) (unpublished opinion) (quoting United States v. Burns, 990 F.2d, 1426,1438 (4th Cir. 1993)). Petitioner argues that charging two crimes in one count rendered the information defective. It is well established that

> two or more acts, each of which would constitute an offense standing alone and which therefore could be charged as separate counts of an indictment, may instead be charged in a single count if those acts could be characterized as part of a single, continuing scheme. United States v. Shorter, 809 F.2d 54, 56 (D.C. Cir. 1987), *abrogated on other grounds by* Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); see also United States v. Berardi, 675 F.2d 894, 898 (7th Cir. 1982) (alleging multiple acts is not duplicitous if the acts are part of a continuing course of conduct) . . . Where the indictment fairly interpreted alleges a continuing course of conduct, during a discrete period of time, the indictment is not prejudicially duplicitous. United States v. Davis, 471 F.3d 783, 790 (4th Cir. 2006).
>
> Kamalu, 298 Fed. Appx. at 254.

7

Moreover, it is a regular and permitted practice for prosecutors to charge conjunctively, in one count, the various means of committing a statutory offense. Griffin v. United States, 502 U.S. 46, 49-51 (1991). With these principles in mind, count 2 of the information cannot be found duplicitous and, as such, counsel could not have been ineffective in failing to move for dismissal.

Even assuming *arguendo* that count 2 of the information was duplicitous, the Fourth Circuit has opined, notwithstanding any duplicity in a charging document, that a conviction for the offenses involving the "carry" or "use" and "possession" of a firearm in furtherance of a drug trafficking crime should stand where "the evidence was plainly sufficient to find that [defendant] committed each of the acts charged . . . ." United States v. Mingo, 237 Fed. Appx. 860, 864-66 (4th Cir. 2007) (per curiam) (unpublished opinion). In the instant matter, the undersigned has already found that petitioner knowingly and intelligently entered a guilty plea. Thus, there is plainly sufficient evidence to find that petitioner committed the offenses included in count 2. See McCarthy v. United States, 394 U.S. 459, 466 (1969) (guilty plea is an admission of the elements of the formal criminal charge). Petitioner's ineffective assistance of counsel claim as to his guilty plea must fail. Likewise, petitioner's claim of ineffective assistance of appellate counsel fails because he waived his appellate rights, and these waivers fall within the scope of petitioner's plea agreement. See Attar, *supra*. Accordingly, grounds 1 and 4 of petitioner's § 2255 motion should be dismissed.

Petitioner's third ground alleges ineffective assistance of counsel at sentencing. Strickland is the proper standard for ineffective assistance at sentencing claims. United States v. Mayfield, 320 Fed. Appx. 190, 191 (4th Cir. 2009) (per curiam) (unpublished opinion). "Under the first prong of Strickland, [petitioner] must show that his counsel's performance at sentencing 'fell below an objective standard of reasonableness' based on the situation at the time rather than on hindsight."

8

Buckner v. Polk, 453 F.3d. 195, 201 (4th Cir. 2006) (quoting Strickland, 466 U.S. at 688). "Counsel's conduct is generally presumed to be a reasonable strategic choice, but is not reasonable to the extent that the choice of strategy does not rely upon either a full investigation of the law and facts or an abbreviated investigation of the law and facts limited only by 'reasonable professional judgments.'" Buckner, 453 F.3d. at 201 (citing Strickland, 466 U.S. at 690-91).

Petitioner argues that his counsel was deficient in (1) reviewing, explaining, and developing objections to the presentence investigation report ("PSR"); (2) moving for withdrawal of his plea pursuant to the government's breach of his plea agreement; (3) objecting to his criminal history points; (4) conducting an investigation of witnesses; and (5) failing to object to the drug amount. A review of the sentencing transcript details several exchanges between the court and petitioner's counsel regarding information contained in the PSR (DE-26, p. 4-5, 7-9). Petitioner alleges that the government refused to move for a downward departure of his sentence and denied him a reduction in his sentence for acceptance of responsibility (DE-28, p. 23). To the contrary, the government did not oppose a lower end of the guideline range and acknowledged that petitioner had provided assistance to law enforcement agents (DE-26, p. 9). Counsel aggressively argued for a sentence on the lower end of the advisory guidelines (DE-26, p. 7-9). Unfortunately, through his own conduct, petitioner lost acceptance and any substantial assistance motion on his behalf (DE-26, p. 8-9). Based on the foregoing, the undersigned does not find that counsel's performance during sentencing fell below an objective standard of reasonableness. Petitioner also attempts to raise a claim for reduction in sentence based on the court's discretionary variance considering the 100:1 cocaine disparity allowed under Kimbrough v. United States, 552 U.S. 85 (2007). However, a § 2255 motion is an improper vehicle to bring forth this sort of claim.

9

Even assuming that the performance of petitioner's counsel during sentencing was unreasonable, the undersigned finds that petitioner has not demonstrated the requisite prejudice. The second prong of <u>Strickland</u> requires petitioner to demonstrate a reasonable probability that, but for the alleged constitutional deficiency in counsel's representation he would have not been sentenced to a 240 month prison term. See <u>Buckner</u>, 453 F.3d. 195, 203 (citing <u>Strickland</u>, 466 U.S. at 694). Petitioner has failed to do so and, as such, ground 3 of petitioner's § 2255 motion should be dismissed.

Petitioner's remaining ground alleges that the consecutive sentence for count 2 was not authorized. Claims that could has been raised on appeal, but were not, are procedurally defaulted. See <u>Bousley v. United States</u>, 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will not be allowed to do service for an appeal). Petitioner did not file a direct appeal in the underlying criminal case and, thus, has procedurally defaulted on this claim. Nonetheless, petitioner claims that his failure to file a direct appeal is excused. "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the [petitioner] must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." <u>United States v. Mikalajunas</u>,186 F.3d 490, 492-93 (4th Cir. 1999). "[C]ause . . . requires a showing of some external impediment preventing counsel from constructing or raising the claim." <u>Murray v. Carrier</u>, 477 U.S. 478, 479 (1986); see also <u>Turner v. Jabe</u>, 58 F.3d 924, 927 (4th Cir. 1995). To establish prejudice, petitioner must show "not merely that the errors in his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>U.S. v.

10

Frady, 456 U.S. 152, 170 (1982); see also Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995). Petitioner may also collaterally attack his conviction or sentence by showing "that he is actually innocent." Bousley, 523 U.S. at 622 (citations omitted). Petitioner argues that any default is excused by his actual innocence and/or that his sentence was not authorized by statute. However, these allegations are unavailing. Petitioner testified at the Rule 11 hearing that he was in fact guilty of the offenses charged (DE-37, p. 34-35). Without more, such as evidence revealing an actual or substantial disadvantage, petitioner cannot now claim innocence. Likewise, petitioner cannot establish either cause or prejudice as to this remaining claim. Petitioner is procedurally barred from any attempts to collaterally attack his conviction and sentence. Accordingly, the remaining ground of petitioner's § 2255 motion should be dismissed.

### III. Conclusion

For the aforementioned reasons, it is **HEREBY RECOMMENDED** that the government's motion to dismiss (DE-33) be **GRANTED** and that petitioner's motion to vacate, set aside or correct his sentence filed pursuant to 28 U.S.C. § 2255 (DE-28) be **DISMISSED**.

**SO RECOMMENDED** in Chambers at Raleigh, North Carolina this 27th day of April, 2010.

_____
William A. Webb
U.S. Magistrate Judge