IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-314-FL
5:09-CV-104-FL

| | | |
|---|---|---|
| WILLIAM A. ROBERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE # 28) of petitioner William A. Roberson ("petitioner") and the motion to dismiss (DE # 33) filed by the United States of America ("respondent"). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered a memorandum (DE # 38) recommending that respondent's motion to dismiss be granted, and that petitioner's § 2255 petition be dismissed. Petitioner timely filed objections (DE # 39) to the memorandum and recommendation ("M&R"). In this posture, the matter is ripe for ruling. For the reasons that follow, the court rejects petitioner's objections to the M&R and dismisses petitioner's § 2255 petition.

## STATEMENT OF THE CASE

On December 12, 2007, petitioner entered a plea of guilty, pursuant to a written plea agreement, to both counts of an information charging him with conspiracy to possess with the intent to distribute fifty (50) grams or more of cocaine base and a quantity of cocaine, in violation of 21

U.S.C. § 846 (count one), and using and carrying a firearm in relation to a drug trafficking crime and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count two). On March 5, 2008, the court sentenced petitioner to a two hundred forty (240) month term of imprisonment. Petitioner did not appeal his conviction.

Petitioner filed his § 2255 petition on March 9, 2009. In the petition, he asserts four grounds for relief: 1) that ineffective assistance of counsel induced his decision to plead guilty, rendering the plea unintelligent and involuntary, because counsel failed to move for the dismissal of the purportedly duplicitous count two of the information and because counsel erroneously advised petitioner that he would be eligible for a sentence reduction upon completion of a residential drug abuse program while incarcerated; 2) that the consecutive sentence he received for the violation of § 924(c)(1)(A) to which he pled guilty was not authorized by law; 3) that he received ineffective assistance of counsel at sentencing in numerous respects to be further addressed in this order; and 4) that he received ineffective assistance of appellate counsel because counsel purportedly misadvised petitioner about the effect of the appeal waiver in his plea agreement.

On April 17, 2009, respondent filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that petitioner has failed to state a claim upon which relief may be granted. On May 1, 2009, petitioner filed a response to respondent's motion to dismiss.

On March 11, 2010, the court referred the matter to the magistrate judge. On April 27, 2010, the magistrate judge issued his M&R, finding that petitioner's claims are without merit and recommending that the § 2255 petition be dismissed. On May 18, 2010, petitioner filed an objection to the M&R, arguing that the magistrate judge failed to address some of his claims and erred with

2

respect to those he did address. Respondent filed a response to petitioner's objections on May 26, 2010.

## DISCUSSION

A.    Standard of Review

    1.    28 U.S.C. § 2255

Petitioner has filed a motion to vacate pursuant to 28 U.S.C. § 2255, which requires a petitioner asserting constitutional error to prove that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

    2.    Fed. R. Civ. P. 12(b)(6)

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in Twombly upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. See Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir.2009), cert. denied, 130 S.Ct. 1740 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). "[T]he

3

court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385–86 (quotation marks and alteration marks omitted).

       3.      Referral to Magistrate Judge

      The court referred respondent's motion to dismiss to the magistrate judge on March 11, 2010. The court may "designate a magistrate judge . . . to submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). A party may object to the magistrate judge's proposed findings by filing "written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection." Local Civil Rule, EDNC 72.4(b). The court shall make a *de novo* determination of those portions of the M&R to which a party has filed objections. 28 U.S.C. § 636(b)(1). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

B.      Analysis

      Most of petitioner's claims contend that his counsel was ineffective. To succeed on such claims, petitioner must demonstrate (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The first prong is met only where counsel's performance falls "below an objective standard of reasonableness." Id. at 688. "Review of counsel's performance is 'highly deferential[,]' " and the court operates under the "strong presumption that [counsel's] performance was within the extremely wide range of professionally competent assistance." Baker v. Corcoran, 220 F.3d 276,

293 (4th Cir. 2000) (citation omitted). The second prong of Strickland's ineffective assistance test is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. As it pertains to petitioner's ineffectiveness claims related to his guilty plea, in order to show prejudice he "must show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Royal v. Taylor, 188 F.3d 239, 248 (4th Cir. 1999) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). With respect to petitioner's sentencing ineffectiveness claims, to demonstrate prejudice petitioner must show a reasonable probability that he would have received a more lenient sentence. See Glover v. United States, 531 U.S. 198, 202-04 (2001).[1]

1.      Ineffective Assistance of Counsel Related to Petitioner's Guilty Plea

Petitioner first asserts that his counsel was ineffective by inducing his decision to plead guilty where counsel failed to move for the dismissal of the purportedly duplicitous count two of the information and erroneously advised petitioner that he would be eligible for a one-year reduction in his sentence if he completed a Residential Drug Abuse Program while incarcerated. Pet'r's Mot. to Vacate 13-14. Petitioner claims that, had counsel moved to dismiss count two, he would not have pleaded guilty to it. He further claims that had he not been incorrectly advised about his eligibility for the one-year reduction, he would not have pleaded guilty.

---

[1] An individual has a right to effective assistance of counsel during a noncapital sentencing hearing. See United States v. Burkley, 511 F.2d 47, 51 (4th Cir. 1975). Although the Court in Strickland, left open "the role of counsel in an ordinary sentencing, which may . . . require a different approach to the definition of constitutionally effective assistance," Strickland. 466 U.S. at 686, the courts of appeals have generally applied the same two-step Strickland test to noncapital sentencing hearings. See e.g., United States v. Seyfert, 67 F.3d 544, 547 (5th Cir. 1995); Carsetti v. Maine, 932 F.2d 1007, 1012-14 (1st Cir. 1991); United States v. Stevens, 851 F.2d 140, 145 (6th Cir. 1988); see also United States v. Russell, 34 F. App'x 927, 927-28 (4th Cir. 2002) (unpublished) (per curiam) (applying Strickland where counsel failed to object to the calculation of a base offense level at sentencing).

5

The magistrate judge reviewed this claim and recommended that it be denied. After examining the plea colloquy at petitioner's change-of-plea hearing, the magistrate judge found that "petitioner knowingly and intelligently entered a valid guilty plea . . . ." Mem. and Recommendations 7. The magistrate judge further found that count two is not duplicitous and that, even assuming it is, petitioner can not show prejudice because his guilty plea establishes that there is sufficient evidence to support his conviction for either offense described in the purportedly duplicitous count. Id. at 8.

Petitioner contends that count two charged two separate offenses because it alleged that he did both "use and carry a firearm during and in relation to a drug trafficking crime" and "possess said firearm in furtherance of" a drug trafficking offense. Pet'r's Mem. Br. 4-5. Petitioner asserts that, had counsel moved for the dismissal of count two on duplicity grounds, there is a reasonable probability that the count would have been dismissed and that he therefore would not have pleaded guilty to count two. Id. at 6.

Petitioner's argument that counsel was ineffective in failing to move for the dismissal of count two on duplicity grounds is unavailing because petitioner cannot show that counsel was deficient or that he was prejudiced due to counsel's omission. Contrary to petitioner's argument, it has not been conclusively established in this Circuit whether the "use and carry" and "possess" provisions of § 924(c) actually state separate, distinct offenses. Indeed, the Fourth Circuit recently recognized "[t]he circuit courts are divided on whether § 924(c) creates one offense or two," and specifically declined to render its own holding on the issue. United States v. Robinson, 627 F.3d 941, 954 (4th Cir. 2010). Because the issue was, and remains, unsettled, the court found no plain error, on duplicity grounds, in Robinson's conviction on an indictment that included single counts

6

alleging both "use and carry" and "possession" violations. Id. at 957. It is well-established that "an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law." Kornahens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995). Likewise, counsel cannot be deemed deficient for failing to raise a legal argument that is not supported by governing law. Because there is no binding authority establishing that count two of the information was duplicitous, counsel cannot be found ineffective for failing to object to the information on such grounds. Moreover, petitioner cannot show that he was prejudiced from the lack of such objection because, given the unsettled state of the law, he cannot show that any putative motion to dismiss count two would have been granted. Thus, he cannot show that, had the motion been lodged, there is a reasonable probability that he would not have pleaded guilty to count two. Accordingly, petitioner has failed to state a claim upon which relief could be granted, and this claim is dismissed.

Petitioner's claim that his plea was rendered involuntary due to misadvice about his eligibility for a one-year sentence reduction upon completion of a residential drug program while incarcerated is undermined by the record and his own actions after he entered his plea. As the magistrate judge found, petitioner was fully advised about the maximum sentence to which his plea subjected him, which was life imprisonment. See 12/12/2007 Tr. 20-21. Petitioner testified that he understood that his "sentencing range and the sentence actually imposed may be different from any estimate that [his] attorney or any other person may have given," id. at 22, and that his decision to plead was not the result of "any promise or assurance . . . of any kind other than the plea agreement in an effort to induce [him] to plead guilty." Id. at 29. Absent clear and convincing evidence to the contrary, a defendant is bound by statements he made at a plea hearing, and such representations can present formidable barriers to post-conviction relief. See Little v. Allsbrook, 731 F.2d 238, 239 n.2

7

(4th Cir. 1984); Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). See also United States v. Gosain, 991 F.2d 791, 1993 WL 43921, at *1 (4th Cir. Feb. 19, 1993) (unpublished table decision) ("[T]his Court has held that an attorney's bad estimate of the likely sentence does not invalidate a guilty plea when the district court informs the defendant that his sentence cannot be specifically predicted and the defendant acknowledges that he understands that to be the case."). In the absence of "extraordinary circumstances," a district court should dismiss, without a hearing, "any § 2255 motion that necessarily relies on allegations that contradict the sworn statements" made during a Rule 11 plea colloquy. United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir.2005). Such extraordinary circumstances are not present here. See United States v. White, 366 F.3d 291, 300 (4th Cir.2004) (noting that the allegation, commonly asserted in § 2255 motions, that a petitioner was induced to plead guilty by a promise from the prosecutor does not constitute extraordinary circumstances warranting an evidentiary hearing).

To the extent petitioner alleges ineffective assistance on the basis of counsel's purported misadvice about a potential collateral consequence of his plea, petitioner's claim remains unavailing. First, there is nothing in the record substantiating petitioner's claim that he actually was assured he would be eligible for the one-year reduction by counsel. While counsel did request at sentencing that the court "recommend that he receive the intensive drug treatment program during his period of incarceration," see 3/5/2008 Tr. 7, no one, including counsel, the court, or petitioner himself alluded to any possibility that petitioner might be eligible for the one-year sentence reduction which he now asserts was pivotal in his decision to plead guilty. Moreover, petitioner's naked assertion that the promise of this one-year reduction was the primary motivating factor in his decision to plead is incredible in the light of his own characterization of his plea agreement. As petitioner describes it,

8

he "was hesitant to accept the plea agreement, with its 15 years of minimum sentences," but he was advised by counsel that a motion for a sentence reduction based on substantial assistance could halve that time. Pet'r's Mem. Br. 8. He then asserts he was told that the one-year "reduction was a sure thing, not dependent on US request, and this was the decisive factor in ROBERSON'S decision to accept counsel's urging to plead guilty." Id. Even indulging petitioner's narrative that counsel erroneously advised him about his eligibility for a one-year reduction on his sentence, the incongruity of petitioner's story is evident: petitioner chose to plead guilty because, in his own words, he stood to reduce a minimum fifteen-year sentence by half. The one-year reduction, which he believed was contingent on his own future behavior, could not have been a "decisive factor" as it was, at most, collateral, contingent, and comparably slight compared to the actual and substantial benefit of the bargain made by petitioner. Moreover, following petitioner's logic, he would have believed he could reap the one-year reduction even if he did not plead guilty but instead proceeded to trial. In sum, it is clear that the impetus for the decision to plead guilty was the prospect of halving a considerable mandatory minimum sentence, not some ill-informed belief about the possibility of earning a one-year sentence reduction once incarcerated.

Furthermore, the court observes that petitioner's conduct while on release prior to sentencing was not consistent with that of someone resolved to minimize their sentence or maintain the standard of conduct required to earn the one-year reduction in sentence petitioner now asserts was integral to his decision to plead. Rather, petitioner violated the terms of his pre-sentencing release by, among other things, possessing drugs and continuing to engage in drug trafficking while on release. This activity precluded petitioner from reaping the substantial benefits of his plea agreement. Petitioner's effort to now recast his decision to plead guilty as predicated on the purported promise that he would

9

receive a one-year reduction in sentence–a promise which even he concedes was contingent on his successfully completing a substance abuse program while incarcerated, the certainty of which is hardly something that this court may simply assume given petitioner's conduct–ignores the considerable benefit he could have gained from his plea agreement and his obvious regret that he was not able to enjoy that benefit due to his own conduct. Hence, even if counsel had erroneously advised petitioner about his eligibility for a one-year reduction in sentence, petitioner's argument that such advice was the determining factor in his decision to plead is "palpably incredible" and so implausible as to warrant summary dismissal. United States v. White, 366 F.3d 291, 297 (4th Cir. 2004). Accordingly, petitioner cannot show the requisite prejudice under Hill. See Ostrander v. Green, 46 F.3d 347, 355 (4th Cir. 1995), overruled on other grounds, O'Dell v. Netherland, 95 F.3d 1214, 1222 (4th Cir. 1996) (quoting Strickland, 466 U.S. at 694) ("'Prejudice' is a reasonable probability that the defendant would have insisted on going to trial had he not received the ineffective assistance, and a 'reasonable probability' is a 'probability sufficient to undermine confidence in the outcome.'")

Petitioner was properly advised about the possible sentence to which his plea subjected him and he specifically affirmed his understanding that any estimate of his potential sentence was not binding and that his plea was not the result of any promise about the length of his sentence. Hence, petitioner's claim that his decision to plead guilty was the result of counsel's erroneous advice about his eligibility for a one-year reduction for completing a substance abuse program is not supported by the record. Moreover, petitioner's representations about the nature of his plea agreement and his own actions after entering his plea only confirm that his allegations about the significance of the purported advice are "patently incredible." Because petitioner has not alleged a plausible claim that

10

he was prejudiced by any purported misadvice by counsel, this claim is due to be dismissed for failure to state a claim.

    2.      Unauthorized sentence under § 924(c)

    Petitioner's second claim is that the consecutive sentence he received based upon his guilty plea to count two of the information was not authorized by law. He argues, "the five year mandatory minimum consecutive sentence provided by 18 USC 924(c)(1) is not applicable to any defendant subject to a greater minimum sentence . . . pursuant to 21 USC 841(b)(1)(A)." Pet'r's Mot. to Vacate 15. Petitioner acknowledges that the Fourth Circuit has previously rejected this contention, see Pet'r's Mem. Br. 11-12 (citing United States v. Studifin, 240 F.3d 415, 423 (4th Cir. 2001)), but nonetheless argues that this court must construe the statute as he urges and determine that his consecutive five-year sentence under § 924(c) was not authorized by law because of the mandatory minimum ten-year sentence he was subject to for his plea to count one.

    The magistrate judge found this claim procedurally defaulted because it could have been raised on appeal but was not. Mem. and Recommendation 10-11. The magistrate judge further found that petitioner cannot show the requisite cause or prejudice to excuse his default. Id. The magistrate judge's findings are adopted by the court. Moreover, the court notes that, even were this claim somehow not defaulted, it is devoid of merit. The construction of § 924(c) adopted by the Fourth Circuit in Studifin has been confirmed as the correct interpretation of the statute by the Supreme Court. See Abbott v. United States, 562 U.S. __, __, 131 S.Ct. 18, 30-31 (2010) ("We hold . . . that a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction."); see also United States v. Williams, 428 F. App'x 238, 239 (4th Cir. May 12,

2011) (unpublished decision) (citing Abbott, 562 U.S. at __, 131 S.Ct. at 30-31) ("the Supreme Court recently confirmed that Studifin's construction of [§ 924(c)] was correct"). Because this claim is procedurally defaulted and, even assuming it were not so defaulted, devoid of any conceivable merit, it is due to be dismissed for failure to state a claim upon which relief may be granted.

   3.  Ineffective assistance of counsel at sentencing

  Petitioner raises a number of arguments that his counsel was ineffective at sentencing. These include: 1) counsel failed to adequately review and explain the PSR; 2) counsel failed to advise petitioner about the possibility of withdrawing his guilty plea after the government purportedly "breached" the terms of the plea agreement; 3) counsel failed to investigate or object to a two-level enhancement of his offense level based on U.S.S.G. § 3B1.1(c); 4) counsel failed to object to the imposition of certain criminal history points in the PSR; 5) counsel failed to object to the drug amount utilized as relevant conduct for the conspiracy offense in count one; and 6) counsel failed to request a below guidelines variance from the cocaine base guidelines pursuant to the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85 (2007). Pet'r's Mot. to Vacate 15-16. The magistrate judge found that counsel's performance was objectively reasonable at sentencing and that, even assuming counsel's conduct was unreasonable, petitioner has not demonstrated the requisite prejudice because he cannot show that he would have received a different sentence. Mem. and Recommendation 9-10. The magistrate judge did not independently examine and dispose of each of petitioner's allegations of ineffectiveness. Thus, the court will address petitioner's claims of sentencing ineffectiveness below.

   a.  Failure to adequately review the PSR

Petitioner first claims that, although counsel reviewed the PSR with him and allowed him to read it himself, and that he told counsel "it looked right to him," counsel nevertheless failed to "explain that he could make written objections to the PSR, that the US would then have the burden to prove any disputed facts by a preponderance of the evidence . . . ." Pet'r's Mot. to Vacate 22-23. However, it is apparent from the colloquy at petitioner's change-of-plea hearing that he was informed of the role of the PSR and his right to object:

> A written presentence report will be prepared by the U.S. Probation Office to assist the district judge in sentencing you. Completion of this process is necessary to enable the court to evaluate your behavior.
>
> You will be asked to give information for this report, and your attorney may be present if you wish. It is important that presentence report be accurate because it is likely that it will determine your punishment range.
>
> You and your lawyer will be given a chance to comment on the presentence report. Any objections must be communicated in writing on a timely basis.
>
> If you do not contest the facts set forth in the presentence report, and the court's independent findings coincide with those facts then those facts will be accepted by the court as correct and will be relied upon in determining the guidelines applicable to your case.

12/12/2007 Tr. 10-11. After petitioner's general claim that counsel failed to adequately review the PSR, he proceeds to list a number of instances in which counsel's failure to object to portions of the PSR or other circumstances at sentencing rendered counsel's performance objectively unreasonable. The court will address these in turn, but, given that petitioner was previously advised of his right to object to the PSR and given his own admission that counsel did review the PSR with him, the court finds that to the extent petitioner purports to allege any freestanding claim that counsel was ineffective for failing to adequately review the PSR with him, he has failed to demonstrate deficient performance or prejudice and such claim is due to be dismissed.

13

b.    Failure to object to "breach" of the plea agreement

As to his discrete allegations of ineffectiveness at sentencing, petitioner first contends that counsel failed to object to purported breaches of the plea agreement by the government. He laments the fact that, as recounted above, he lost the benefit of his plea agreement due to his conduct while on release, and asserts that the "plea agreement was an adhesion contract in which [he] waived substantial and valuable rights in exchange for no consideration. Counsel Martin did not discuss the possibility of moving to withdraw my guilty plea after the US denied me all benefits under the agreement." Pet'r's Mot. to Vacate 23-24. To the extent petitioner contends counsel was ineffective because petitioner was denied the benefit of his plea agreement, such claim is due to be dismissed because it was petitioner's own conduct that resulted in the loss of acceptance of responsibility points and the government's decision not to pursue a sentence reduction on the basis of substantial assistance.

Petitioner also appears to claim that counsel was ineffective for failing to object to the government's purported breach of the plea agreement in using a "protected statement" of his to determine his guidelines range at sentencing. Specifically, petitioner asserts that in the plea agreement "the US agreed that pursuant to USSG 1B1.8 no self incriminating information contained in any statement I gave to federal or state agents during my cooperation could be used to determine the applicable Guidelines range." Id. at 24. He further claims that he "made a protected statement on August 29, 2007," in which he "told state and federal agents that 'I had been selling crack and cocaine for a couple years,'" that he "'got a couple ounces of hard(crack) and a couple of powder (cocaine HCl) one time, the other months I might get a half ounce or quarter ounce of crack or cocaine.'" Id. at 24-25. Petitioner contends that this statement was used to both calculate the amount

14

of drugs relied upon in establishing his offense level and in adding two points to his criminal history

computation based on the finding that he committed the instant crimes while on probation for a

previous sentence. Id. at 25. He concludes that, had his "protected statement" not been used, his

"base offense level on drug amounts admitted and found by police would have been 30 instead of

32, and [his] criminal history score would have been I instead of II," such that his "final Guidelines

range would have been 121 to 151 months . . . instead of the 168 to 210 months range calculated by

the PSR." Id. at 25-26. He claims that counsel never informed him of the "breach" he describes in

his motion, did not file a motion to compel specific performance of the plea agreement, and did not

move to withdraw his plea after the supposed "breach."

Petitioner's claim is problematic in numerous respects. First, the PSR used by the court at

sentencing does not rely upon any "protected statement" given by petitioner on August 29, 2007.

Indeed, there is no reference to any such statement in the PSR submitted to the court. While

petitioner has attached as an exhibit to his § 2255 petition an excerpt from what appears to be a

preliminary draft of a PSR which alludes to an August 29, 2007, protected statement, neither that

statement nor the information attributed to that statement is alluded to in the final PSR submitted to

the court. Furthermore, the paragraph in petitioner's exhibit referring to the protected statement on

August 29, 2007, does not include any of the information about drug amounts that was relied upon

in establishing petitioner's offense level or the relevant time frame for his criminal conduct.[2] As set

forth in the final PSR submitted to the court and discussed by the government at the change of plea

---

[2] The paragraph from the draft of the PSR which is the source of petitioner's contention that the government improperly used his protected statement simply reads as follows: "On August 29, 2007, ROBERSON provided a protected statement to authorities in which he explained that he has been selling drugs since he was 23 years old. He further informed agents of his illegal drug activities for the past several years." See Pet'r's Mem. Br., Exh. C.

15

hearing, see 12/12/07 Tr. 32, that information was derived from an unprotected statement given by petitioner after his arrest on June 8, 2007.[3] Thus, petitioner's argument that the government "breached" his plea agreement by improperly using a "protected statement" is without merit.

Moreover, even if petitioner were correct in arguing that the government somehow relied upon a statement he gave on August 29, 2007, to determine his offense level and criminal history, his claim that counsel was ineffective for failing to raise an objection is still devoid of merit. In relevant part, the memorandum of plea agreement signed by petitioner recounted the government's agreement as follows:

> Pursuant to U.S.S.G. §1B1.8, that self-incriminating information provided by the Defendant pursuant to the agreement shall not be used against the Defendant in determining the applicable Guideline range, except as provided by § 1B1.8 and except as stated in the Agreement. The Government will not, however, withhold from the United States Probation Office any evidence concerning relevant conduct.

Mem. of Plea Agreement at 9. The plea agreement is dated September 10, 2007. Id. at 10. While § 1B.1.8 of the Sentencing Guidelines Manual does preclude the government from using information provided by a defendant pursuant to a cooperation agreement against the defendant in determining the applicable guideline range, that limitation does not apply "to restrict the use of information . . . (1) known to the government prior to entering into the cooperation agreement." U.S.S.G. § 1B1.8(b). Thus, even if the government had relied upon a statement given by petitioner on August

---

[3] Petitioner did not include in his excerpt from his copy of the PSR the paragraph which discusses the unprotected statement in June of 2007, even though it is clear that statement was the basis for the amounts attributed to petitioner for purposes of relevant conduct. Apart from purposely omitting that portion of the PSR, petitioner attempts to mislead the court in arguing "[t]he PSR stated no other sources for the drug amounts or the time period of relevant conduct . . . ." Pet'r's Mot. to Vacate 25. As set forth herein, the PSR plainly provides a different source for these findings. Petitioner's troubling lack of candor and naked attempt to deceive the court cast the credibility of the numerous other allegations of his petition in an unfavorable light.

16

29, 2007, any information derived from that statement would have been known to the government at the time the cooperation agreement was executed on September 10, 2007.

Petitioner's argument that the government "breached" his plea agreement is without merit, and, consequently, he cannot show deficient performance or prejudice flowing from counsel's failure to object to any purported breach. Accordingly, this claim is due to be dismissed.

        c.      Failure to investigate or object to role-in-offense enhancement

Petitioner claims that counsel was ineffective for failing to investigate the propriety of the PSR's two-point enhancement of his base offense level, pursuant to U.S.S.G. § 3B1.1, based upon the finding that he was "an organizer, leader, manager, or supervisor" of the criminal activity for which he pled guilty. The PSR appeared to predicate this finding on the statement of Jonathan Beckwith, a former roommate of petitioner's, in which Beckwith stated that he did not pay rent to petitioner but instead delivered drugs on petitioner's behalf, and that the drugs and firearms found in petitioner's residence at the time of his arrest belonged to petitioner. Petitioner now claims that he informed counsel that Beckwith's statement was false, that Beckwith sometimes bought drugs from petitioner and sold them to his own customers but that Beckwith did not deliver drugs to petitioner's customers. Pet'r's Mot. to Vacate 26-27. He also claims that he referred counsel to witnesses, Jerry Whitley and Dexter Chatman, that could testify that petitioner did not manage or direct Beckwith's drug distribution activities. Id. at 27. Petitioner has provided corroborating declarations from Whitley and Chatman as exhibits to his pleadings.

Petitioner's claim that counsel was ineffective in failing to object despite his protests about the applicability of the role enhancement is both patently self-serving and inherently contradictory to his previous assertion, in support of one of his other claims, that he reviewed the PSR and

17

informed counsel that "it looked right" to him. See id. at 22. Petitioner's prior assertion that he did not alert counsel to any potential objections with the PSR strikes the court as more probable. At sentencing the court specifically described its application of the two-level adjustment to his offense level for his role and recounted, consonant with the PSR, petitioner's total offense level, criminal history score, and resulting guidelines sentencing range. 3/5/2008 Tr. 5-7. When the court subsequently asked petitioner directly whether he wished to be heard on any of these matters prior to the imposition of sentence, he declined. Id. at 9. The court finds it simply implausible that petitioner vehemently contested the applicability of the enhancement and alerted counsel to credible[4] witnesses that support his contention, yet he did not raise the matter with the court at sentencing and has subsequently represented to the court that he reviewed the PSR with counsel and told counsel that it "looked right" to him. Given petitioner's conduct at sentencing and his contradictory statements to this court in the course of these pleadings, the court finds the factual predicate for this claim "palpably incredible" and so implausible as to be worthy of summary dismissal.

        d.      Failure to object to computation of criminal history score

Petitioner next claims that counsel was ineffective in failing to object to the addition of two criminal history points, pursuant to U.S.S.G. § 4A1.1(d), because he was on probation for a separate sentence at the time the instant offenses were committed. He argues that he was "released from [a] 45 day revocation term on December 20, 2005[,] and was on no probation or post release supervision at any time after that date." Pet'r's Mot. to Vacate 28. He argues the enhancement was therefore

---

[4] Even assuming that petitioner did contest the applicability of the enhancement with counsel and instruct him to interview Chatman and Whitley, there is no apparent reason why the court might view those witnesses as more credible than Beckwith. According to their declarations, both Chatman and Whitley used drugs and purchased drugs from Beckwith and/or petitioner.

18

inapplicable because he "was not on probation or parole" at any point during 2007, which is the time frame alleged in the information. He claims he asked counsel to object to the additional criminal history points, but that counsel declined. Id.

Once again, petitioner begs the court to accept as plausible that he urged counsel to object to some aspect of the PSR where he has already specifically represented to the court that he reviewed the PSR with counsel and indicated that it "looked right" to him. Petitioner is not entitled to the benefit of any doubt where his allegations are internally inconsistent and not supported by his conduct at sentencing, and where he has demonstrated a propensity to deceive the court in presenting his claims. Moreover, petitioner has failed to establish that imposition of the additional criminal history points was erroneous. Thus, he cannot show deficient performance for the failure to object or resulting prejudice.

The application notes in the commentary accompanying § 4A1.1 instruct that two points are added under subsection (d) "if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sentencing Guidelines Manual § 4A1.1 cmt. n.4 (2007). "Relevant conduct" in this sense is broad, and can include "activities that occurred before the date identified by the indictment as the starting date of the offense. . . . Therefore, courts are not restricted to the allegations in the indictment in determining the date of the 'commencement of the instant offense' under 4A1.2(e); rather, sentencing courts may consider preindictment activity to establish the starting date of the offense, and then use that date to calculate the time period for which prior sentences are counted." United States v. Kennedy, 32 F.3d 876, 890 (4th Cir. 1994). In June of 2007, petitioner gave a statement to authorities in which he admitted to purchasing drugs

19

from the same person for the last two years. Two years prior to the date of his statement orients petitioner's admitted conduct in a time when he was on probation for his February 16, 2004, sentence. While petitioner now quibbles with the court's conclusion that his own statement provides a sufficient evidentiary basis to support application of § 4A1.1(d), his apparent argument faulting the court's fact finding has been waived by his failure to appeal. Nor has petitioner pled any plausible fact, apart from his own naked denial and argument, that counsel could have presented had he objected as petitioner now claims he was instructed to do. Accordingly, petitioner cannot demonstrate deficient performance or prejudice with respect to this claim, and it is due to be dismissed.

      e.      Failure to object to drug amount alleged as relevant conduct

Petitioner's next claim of ineffectiveness at sentencing concerns counsel's failure to object to the amount of drugs relied upon by the court in establishing petitioner's offense level. Petitioner's argument in support of this claim is simply a retread of his previous arguments that his purported protected statement from August 29, 2007, should not have been relied upon and that the court erroneously included within his relevant conduct drug transactions that occurred before January 2007, the date he posits as the inception of the conspiracy. See Pet'r's Mem. Br. 24-25. For the reasons given in the court's analysis of petitioner's related separate claims of error, this claim is devoid of merit. Accordingly, petitioner cannot establish deficient performance or prejudice flowing from counsel's failure to object to the amount of drugs utilized by the court in determining petitioner's offense level, and this claim is due to be dismissed.

20

f.     Failure to argue for a "variance sentence"

Petitioner's final claim of ineffectiveness related to counsel's performance at sentencing is his claim that counsel erred in failing to "request a below Guidelines variance sentence based on the argument that the cocaine base Guidelines . . . create excessive and disparate punishments." Pet'r's Mot. to Vacate 29.  Petitioner asserts that counsel was ineffective in failing to make such an argument in light of the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85 (2007), which was released just under three months prior to petitioner's sentencing. Petitioner faults counsel for failing to "point out to the Court that the Supreme Court had recently granted discretion to disagree with the Guidelines for crack offenses as a matter of policy, not just in mitigated cases." Pet'r's Mot. to Vacate 29. He asserts "[t]here is certainly a reasonable possibility that the Court was not fully aware of the discretion available in crack cases . . . ." Pet'r's Mem. Br. 26.  He thus concludes that he was prejudiced by counsel's failure to raise Kimbrough, "because a lower sentence probably would have been selected had the Court known that even for an unattractive defendant presenting no mitigating factors, the Court had discretion to hold that the crack guidelines were not just punishment . . . because of the unwarranted disparity created by the 100:1 ratio." Pet'r's Objections 19.

Petitioner's claim is predicated on unwarranted assumptions that, when corrected, dispose of the claim.  Petitioner unjustifiably believes that this court was unaware of Kimbrough or the extent of its discretion at the time of sentencing, and was in need of education by counsel at that time.  Petitioner is incorrect.  Petitioner also appears to believe that he would have received a different sentence had counsel simply argued "that the cocaine base Guidelines . . . create excessive and disparate punishments." Pet'r's Mot. to Vacate 29. Petitioner is incorrect on that count as well.

21

At sentencing, the court was well aware of the non-mandatory nature of the sentencing guidelines and its discretion pursuant to Kimbrough, and imposed a sentence it deemed reasonable given all of the circumstances. Petitioner cannot show deficient performance or prejudice with respect to this claim. Accordingly, it is due to be dismissed.

    4.       Ineffective assistance of appellate counsel

Petitioner's final claim is that he received the ineffective assistance of appellate counsel. Petitioner claims that he received ineffective assistance of appellate counsel because "counsel grossly misadvised [him] that any appeal of sentencing issues was barred by appeal waiver in [the] plea agreement and that it would be futile to raise any grounds, as all would be dismissed." Pet'r's Mot. to Vacate 16. He argues that counsel should have been aware that the purported "breach" of the plea agreement by the government rendered the appeal waiver provision "void and unenforcable." Id. at 17.

Petitioner's conclusory argument that the plea agreement was "breached" because of the use of his statement to calculate his guidelines sentencing range is, for the reasons discussed above, without merit. Accordingly, counsel cannot be faulted for failing to advise petitioner to pursue an appeal on the basis that the appeal waiver provision of the plea agreement had been rendered unenforcable due to some purported breach. Such an argument would have found no support in applicable law or fact and could not have overcome the clear appeal waiver petitioner executed when he decided to plead guilty. Petitioner cannot show deficient performance or prejudice as this claim and it is therefore due to be dismissed.

C.      Motion for Evidentiary Hearing

On September 26, 2011, petitioner filed a motion for evidentiary hearing (DE # 41). In the motion, petitioner argues he is entitled to an evidentiary hearing with respect to his claim that counsel was ineffective in failing to investigate the applicability of the two-point enhancement he received due to his role in the offense. For the reasons discussed above, this claim is subject to summary dismissal. Accordingly, the motion for evidentiary hearing is due to be denied.

D.      Certificate of Appealability

The court now must determine whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

Petitioner has failed to meet the requirements for a certificate of appealability. The court properly dismissed petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and petitioner failed to make a "substantial showing" of the denial of a constitutional right. Petitioner has not shown that reasonable jurists would find that decision debatable. Therefore, petitioner is not entitled to a certificate of appealability.

23

## CONCLUSION

For the foregoing reasons, and as supplemented herein, the court ADOPTS the Magistrate Judge's recommendation on the merits (DE # 38), that respondent's motion to dismiss (DE # 33) be GRANTED, and petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE # 28) be DISMISSED. Petitioner's motion for evidentiary hearing (DE # 41) is DENIED. The court also DENIES a certificate of appealability. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 26th day of October, 2011.

LOUISE W. FLANAGAN
United States District Judge

24